**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**

IN RE:    **Lenekia Yolanda Kinney, Debtor**               **Case No. 26-11612-JDW**
                                                                          **CHAPTER 13**

## NOTICE OF FILING CHAPTER 13 PLAN AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE

The above-named Debtor has filed a *Chapter 13 plan and Motions for Valuation and Lien Avoidance* (the "Plan") with the Bankruptcy Court in the above referenced case (see attachment).

Any objection to confirmation of the Plan or the motions contained therein shall be filed in writing with the Clerk of Court at ABD US Bankruptcy Courthouse, 703 Hwy 145 North, Aberdeen, MS 39730, on or before August 03, 2026. Copies of the objection must be served on the Trustee, US Trustee, Debtor, and Attorney for Debtor.

Objections to confirmation will be heard and confirmation determined on August 11, 2026, at 01:30 PM, Oxford Federal Building, 911 Jackson Avenue, Oxford, MS 38655, unless the court orders otherwise. If no objection is timely filed, the Plan may be confirmed without a hearing.

Date: June 5, 2026                                    /s/ Thomas C. Rollins, Jr.
                                                                 *Thomas C. Rollins, Jr., Attorney for Debtor*

Thomas C. Rollins, Jr., MSB# 103469
The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236
trollins@therollinsfirm.com
601-500-5533

| Fill in this information to identify your case: | | |
|---|---|---|
| Debtor 1 | **Lenekia Yolanda Kinney** | |
| | Full Name (First, Middle, Last) | |
| Debtor 2 | | |
| (Spouse, if filing) | Full Name (First, Middle, Last) | |
| United States Bankruptcy Court for the | **NORTHERN DISTRICT OF MISSISSIPPI** | ☐ Check if this is an amended plan, and list below the sections of the plan that have been changed. |
| Case number: | **26-11612** | |
| (If known) | | |

# Chapter 13 Plan and Motions for Valuation and Lien Avoidance

12/17

## Part 1:   Notices

**To Debtors:**  **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable. The treatment of ALL secured and priority debts must be provided for in this plan.**

In the following notice to creditors, you must check each box that applies

**To Creditors:**  **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I). The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.**

The plan does not allow claims. Creditors must file a proof of claim to be paid under any plan that may be confirmed.

The following matters may be of particular importance. **Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| 1.1 | **A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor** | ☐ **Included** | ☑ **Not Included** |
|---|---|---|---|
| 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4.** | ☐ **Included** | ☑ **Not Included** |
| 1.3 | **Nonstandard provisions, set out in Part 8.** | ☑ **Included** | ☐ **Not Included** |

## Part 2:   Plan Payments and Length of Plan

**2.1     Length of Plan.**

The plan period shall be for a period of __**60**__ months, not to be less than 36 months or less than 60 months for above median income debtor(s). If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2     Debtor(s) will make payments to the trustee as follows:**

Debtor shall pay __**$301.00**__ (☐ monthly, ☐ semi-monthly, ☐ weekly, or ☑ bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the debtor's employer at the following address:

**Wal-Mart**
**1 Customer Dr**
**Bentonville AR 72716-0000**

Mississippi Chapter 13 Plan

Page 1

| Debtor | **Lenekia Yolanda Kinney** | Case number | **26-11612** |
|---|---|---|---|

Joint Debtor shall pay _____ ( ☐ monthly, ☐ semi-monthly, ☐ weekly, or ☐ bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the joint debtor's employer at the following address:

_____

_____

_____

**2.3    Income tax returns/refunds.**

*Check all that apply*

☑  Debtor(s) will retain any exempt income tax refunds received during the plan term.

☐  Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all non-exempt income tax refunds received during the plan term.

☐  Debtor(s) will treat income refunds as follows:

_____

**2.4 Additional payments.**
  *Check one.*

☑  **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

| Part 3: | **Treatment of Secured Claims** |
|---|---|

**3.1    Mortgages. (Except mortgages to be crammed down under 11 U.S.C. § 1322(c)(2) and identified in § 3.2 herein.).**

*Check all that apply*.

☐  **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.1(a)    Principal Residence Mortgages:** All long term secured debt which is to be maintained and cured under the plan pursuant to 11 U.S.C. §
☑  1322(b)(5) shall be scheduled below. Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor, subject to the start date for the continuing monthly mortgage payment proposed herein.

**1**      Mtg pmts to    **USDA** _____

Beginning   **June 2026** _____ @ _____ **$508.45** ☑ Plan  ☐ Direct.   Includes escrow ☑ Yes ☐ No

**-NONE-**   Mtg arrears to _____ Through _____   _____

**3.1(b)** ☐   **Non-Principal Residence Mortgages:** All long term secured debt which is to be maintained and cured under the plan pursuant to 11 U.S.C. § 1322(b)(5) shall be scheduled below. Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor, subject to the start date for the continuing monthly mortgage payment proposed herein.

Property   **-NONE-**
     address: _____
Mtg pmts to _____
Beginning   month _____ @ _____   Plan   Direct.   Includes escrow Yes No

Property **-NONE-** Mtg arrears to _____ Through _____   _____

**3.1(c)** ☐   **Mortgage claims to be paid in full over the plan term:** Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor.

Creditor:   **-NONE-**           Approx. amt. due: _____   Int. Rate*: _____

Property Address: _____
Principal Balance to be paid with interest at the rate above: _____
(as stated in Part 2 of the Mortgage Proof of Claim Attachment)
Portion of claim to be paid without interest: $ _____
(Equal to Total Debt less Principal Balance)

Special claim for taxes/insurance: $ _____ **-NONE-** /month, beginning   month . _____
(as stated in Part 4 of the Mortgage Proof of Claim Attachment)

Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com

| Debtor | **Lenekia Yolanda Kinney** | Case number | **26-11612** |
|---|---|---|---|

\* Unless otherwise ordered by the court, the interest rate shall be the current Till rate in this District
*Insert additional claims as needed.*

**3.2**     **Motion for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*.

☑     **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3**     **Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*
☑     **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4**     **Motion to avoid lien pursuant to 11 U.S.C. § 522.**

*Check one.*
☑     **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5**     **Surrender of collateral.**

*Check one.*
☐     **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*
☑     The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| **Name of Creditor** | **Collateral** |
|---|---|
| **1st Franklin Financial** | **Household Goods** |

*Insert additional claims as needed.*

| Part 4: | **Treatment of Fees and Priority Claims** |
|---|---|

**4.1**     **General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2**     **Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case.

**4.3**     **Attorney's fees.**

☑ No look fee:     **4,600.00**

Total attorney fee charged:     $**4,600.00**

Attorney fee previously paid:     $**2,622.00**

Attorney fee to be paid in plan per confirmation order:     $**1,978.00**

☐ Hourly fee: $_____.  (Subject to approval of Fee Application.)

**4.4**     **Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*
☐     **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*
☑     Internal Revenue Service     **$825.00** .
☐     Mississippi Dept. of Revenue     **$0.00** .
☐     Other _____     **$0.00** .

Software Copyright (c) 1996-2026  Best Case, LLC - www.bestcase.com

| | | | |
|---|---|---|---|
| Debtor | **Lenekia Yolanda Kinney** | Case number | **26-11612** |

**4.5      Domestic support obligations.**

☑      **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

---

**Part 5:      Treatment of Nonpriority Unsecured Claims**

**5.1      Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☑      The sum of $ **1,898.00**

☐      _____% of the total amount of these claims, an estimated payment of $_____

☐      The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $**1,890.00** Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2      Other separately classified nonpriority unsecured claims (special claimants).** *Check one***.**

☑      **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

---

**Part 6:      Executory Contracts and Unexpired Leases**

**6.1      The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one*.

☑      **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

---

**Part 7:      Vesting of Property of the Estate**

**7.1      Property of the estate will vest in the debtor(s) upon entry of discharge.**

---

**Part 8:      Nonstandard Plan Provisions**

**8.1      Check "None" or List Nonstandard Plan Provisions**

☐      **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

**The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.
Debtor has applied for a loan modification with USDA.**

**If applicable, ad valorem taxes, past/present/future, if not paid by the mortgage company, shall be paid direct to the taxing authority by the Debtor and not paid through the Chapter 13 Plan.**

**If applicable, upon the filing of an Official Form 410S2 Notice of Postpetition Mortgage Fees, Expenses, and Charges, and absent any objection being filed within 60 days after the filing of said Notice, the Trustee is authorized to pay the amount contained in the Notice as a special claim over the remaining terms of the plan and adjust the plan payment accordingly. This does not constitute a waiver of the right to object to the Notice within one year pursuant to Rule 3002.1(e) of the Federal Rules of Bankruptcy Procedure.**

---

**Part 9:      Signatures:**

**9.1      Signatures of Debtor(s) and Debtor(s)' Attorney**

Software Copyright (c) 1996-2026  Best Case, LLC - www.bestcase.com

| Debtor | **Lenekia Yolanda Kinney** | Case number | **26-11612** |
|--------|---------------------------|-------------|--------------|

*The Debtor(s) and attorney for the Debtor(s), if any, must sign below. If the Debtor(s) do not have an attorney, the Debtor(s) must provide their complete address and telephone number.*

X  **/s/ Lenekia Yolanda Kinney**

**Lenekia Yolanda Kinney**
Signature of Debtor 1

Executed on   **June 1, 2026**

**992 Windmill St**
Address
**Grenada MS 38901-0000**
City, State, and Zip Code

Telephone Number

X  **/s/ Thomas C. Rollins, Jr.**
**Thomas C. Rollins, Jr. 103469**
Signature of Attorney for Debtor(s)
**P.O. Box 13767**
**Jackson, MS 39236**
Address, City, State, and Zip Code
**601-500-5533**
Telephone Number
**trollins@therollinsfirm.com**
Email Address

X  _____

Signature of Debtor 2

Executed on   _____

Address

City, State, and Zip Code

Telephone Number

Date   **June 1, 2026**

**103469 MS**
MS Bar Number

Mississippi Chapter 13 Plan                                                                 Page 5

Software Copyright (c) 1996-2026  Best Case, LLC - www.bestcase.com

## <u>CERTIFICATE OF SERVICE</u>

I, Thomas C. Rollins, Jr., attorney for the Debtor, do herby certify that by filing the attached Notice and Chapter 13 Plan, I have caused the following partied to be served electronically via ECF:

Case Trustee
Office of the US Trustee

I further certify that I have this day served a true and correct copy of the Notice and Chapter 13 Plan by US Mail, postage prepaid, to all other parties listed on the attached master mailing list (matrix).

Date: June 5, 2026                              /s/ Thomas C. Rollins, Jr.
                                                *Thomas C. Rollins, Jr., Attorney for Debtor*

Thomas C. Rollins, Jr., MSB# 103469
The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236
trollins@therollinsfirm.com
601-500-5533

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE:

LENEKIA YOLANDA KINNEY

CASE NO: 26-11612-JDW

**DECLARATION OF MAILING
CERTIFICATE OF SERVICE**

Chapter: 13

On 6/5/2026, I did cause a copy of the following documents, described below,

Notice and Plan

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R.Bankr.P. 9001(9) and 2002(g)(4).  A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 6/5/2026

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr.  103469

The Rollins Law Firm
702 W. Pine Street
Hattiesburg, MS 39401
601-500-5533
trollins@therollinsfirm.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE:

LENEKIA YOLANDA KINNEY

CASE NO: 26-11612-JDW

**CERTIFICATE OF SERVICE
DECLARATION OF MAILING**

Chapter: 13

On 6/5/2026, a copy of the following documents, described below,

Notice and Plan

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 6/5/2026

Victoria Blake
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Thomas C. Rollins, Jr.
The Rollins Law Firm
702 W. Pine Street
Hattiesburg, MS  39401

**(The following pages contain parties served via First Class USPS Mail Service unless stated otherwise.)**

CASE INFO

 LABEL MATRIX FOR LOCAL NOTICING
05371
CASE 26-11612-JDW
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN
FRI JUN 5 09-27-49 CDT 2026

1ST FRANKLIN FINANCIAL
ATTN BANKRUPTCY
PO BOX 880
TOCCOA GA 30577-0880

EXCLUDE

LOCKE D BARKLEY
6360 I55 NORTH
SUITE 140
JACKSON MS 39211-2030

CAPITAL ONE
ATTN BANKRUPTCY
PO BOX 30285
SALT LAKE CITY UT 84130-0285

CAPITAL ONE NA
BY AIS INFOSOURCE LP AS AGENT
PO BOX 71083
CHARLOTTE NC 28272-1083

CREDIT ONE BANK
6801 CIMARRON RD
LAS VEGAS NV 89113-2273

INTERNAL REVENUE SERVI
CENTRALIZED INSOLVENCY
PO BOX 7346
PHILADELPHIA PA 19101-7346

INTERNAL REVENUE SERVI
CO US ATTORNEY
ETHRIDGE BUILDING
900 JEFFERSON AVE
OXFORD MS 38655-3608

KINGSTON DATA  CREDIT
ATTN BANKRUPTCY
1301 SEMINOLE BLVD
LARGO FL 33770-8118

DEBTOR

LENEKIA YOLANDA KINNEY
992 WINDMILL ST
GRENADA MS 38901-7708

MS DEPT OF REVENUE
BANKRUPTCY SECTION
PO BOX 22808
JACKSON MS 39225-2808

(P)MOHELA
CLAIMS DEPARTMENT
633 SPIRIT DRIVE
CHESTERFIELD MO 63005-1243

EXCLUDE

NELNET
POB 60610
HARRISBURG PA 17106-0610

THOMAS C ROLLINS JR
THE ROLLINS LAW FIRM PLLC
PO BOX 13767
JACKSON MS 39236-3767

RUBIN LUBIN
3145 AVALON RDG PLACE
STE 100
NORCROSS GA 30071-1570

EXCLUDE

U S TRUSTEE
501 EAST COURT STREET SUITE 6430
JACKSON MS 39201-5022

US ATTORNEY GENERAL
US DEPT OF JUSTICE
950 PENNSYLVANIA AVENW
WASHINGTON DC 20530-0001

USDA
CENTRALIZED SERVICING
PO BOX 66879
SAINT LOUIS MO 63166-6879

USDA RURAL DEVELOPMENT
CO US ATTORNEY
ETHRIDGE BUILDING
900 JEFFERSON AVE
OXFORD MS 38655-3608

UPSTART FINANCE
ATTN BANKRUPTCY
PO BOX 1503
SAN CARLOS CA 94070-7503

UPSTART NETWORK INC
CO PERITUS PORTFOLIO SERVICES II LLC
PO BOX 1149
GRAPEVINE TX 76099-1149